LEWIS EDWIN RYAN *v.* WILLIAM GARFIELD GALLIHER.

(*June* 28, 1933.)

PENNEWILL, C. J., HARRINGTON and REINHARDT, J. J., sitting.

*Arthur G. Logan* (of Marvel, Morford, Ward and Logan) for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for New Castle County, Foreign Attachment, No. 246, September Term, 1932.

REINHARDT, J., delivering the opinion of the Court:

This action was instituted by foreign attachment process to the September Term, 1932, of the Superior Court, in and for New Castle County; the defendant thereafter appeared generally; a trial was had and there was a verdict and judgment for the plaintiff.

At the time the suit was instituted, certain rights and credits of the defendant were attached in the possession of C. H. Galliher Company, a Delaware corporation, as garnishee.

By the return on the writ of attachment it appears

that C. H. Galliher Company was summoned as garnishee, by service made upon its corporate resident agent. The garnishee thereafter, through its attorney, filed a petition to appear specially in the cause "for the purpose of moving the Court to quash the garnishment."

After argument on the petition, the Court refused leave to appear specially and thereupon, at the suggestion of the Court, the garnishee filed what it designed as a "special" answer.

The pending motion is for judgment notwithstanding the garnishee's answer.

The answer is as follows:

"C. H. Galliher Company, a corporation of the State of Delaware, garnishee in the above entitled action, by William S. Potter, its attorney, files its special answer, Arthur G. Logan, attorney for the plaintiff in the foregoing action, having consented to the filing of such special answer by the attorney for the garnishee:

"For answer the garnishee says that at the time it was summoned as garnishee in the above entitled action it was indebted to the defendant in a sum exceeding ten thousand dollars ($10,000.00) but further answers that it is not liable as garnishee in this action for the reason that it is a Delaware corporation not carrying on business in the State of Delaware, and consequently not a corporation subject to garnishment under the terms of *Section* 4120 of the *Revised Code* of 1915, as amended by 30 *Delaware Laws, Ch.* 226, and that consequently it should be discharged as garnishee."

Counsel for the garnishee contends that it was understood by Court and counsel that under the special answer the defendant might raise the jurisdictional question it sought to raise by special appearance, viz.: The validity of the service of the writ of attachment on the garnishee.

Counsel for the plaintiff denies there was any such agreement or understanding and the special answer filed does not state or suggest such a question. Indeed, the special answer is to all intents and purposes a general answer and the only question it raises is whether a Delaware corporation not doing business in this state is subject to be summoned as garnishee under the statute referred to in the special answer.

What the Court evidently meant when it suggested a special answer was that the question of doing business in Delaware by the garnishee might be raised thereby, and it was thus raised.[1]

We think the answer filed must be regarded as a general answer and as constituting a general appearance. Judging from its form and substance, it can be regarded as nothing else.

 It is needless to say that after a general appearance the validity of service of the writ of attachment upon the garnishee cannot be raised or questioned unless the general appearance is stricken off by order of the Court. Therefore, there is but one question now before the Court and that is, whether a Delaware corporation not doing, in this state, any business for which it was created, can be summoned as garnishee under the provisions of *Section 4120* of the *Revised Code* of 1915, as amended by *Volume 30, Laws of Delaware, c.* 226, *page* 608.

The statute is as follows:

"All corporations doing business in this State, except banks, saving institutions and loan associations, are subject to the operations of the attachment laws of the State of Delaware, as provided in case of individuals; but insurance companies shall not be liable to attachment, except only as to moneys due in consequence of the happening of the risk provided for in policy of insurance; and said corporation shall be liable to be summoned as garnishee, for which purpose service of the summons upon the President, Treasurer, Cashier, Paying Clerk, any Director or the registered agent, as provided in other attachment cases, shall be sufficient to render the corporation subject to all the liabilities provided by the aforesaid laws; and the answer of the officers or agents so served with attachment process shall be enforced in the same manner as is now provided by law in cases where an individual is summoned as garnishee."

---

[1] So far as appeared at the time, the application to appear specially was made solely for the purpose of denying the right to serve garnishee process on C. H. Galliher Company. The application was refused and the filing of a special answer suggested by the court because the motion was made at the very end of the second term which by statute (*Sections* 4122, 4127, 4137, and *Section* 4145, *Revised Code* 1915, as amended by *Chapter* 232, *Vol.* 33, *Laws of Del.;* 2 *Woolley's Del. Prac.*, §§ 1196, 1197) was the last term at which a plea or answer of a garnishee could be compelled.—Ed.

Construing the attachment statute of 1857 (11 *Del. Laws, c.* 424, *p.* 482) and the amendment of 1875 (15 *Del. Laws, c.* 182, *p.* 306), we think it clear that all Delaware corporations and all foreign corporations doing business in this state are subject to the attachment laws of this state.

The *Act* of 1871 made all corporations of this state, with certain exceptions therein stated, subject to the attachment laws, and the *Act* of 1889 made all corporations doing business in this state subject to their operation.

Evidently the two statutes construed together mean that all Delaware corporations, and all foreign corporations doing business here, shall be subject to the attachment laws of this state. This is undoubtedly what Judge Woolley understood to be the law because in *Section* 1167, *Volume* 2, of his work on *Delaware Practice,* he says:

"Prior to the *Act* of 1871 corporations were not subject to the attachment laws of this state, and could not be summoned as garnishees. By that act all corporations chartered by act of assembly of this state * * * were declared subject to the operation of the attachment laws of the State of Delaware, as then provided in the case of individuals. By the *Act* of 1889 the operation of the attachment law was extended to foreign as well as domestic corporations. That act provided comprehensively 'That all corporations doing business in this State * * * were within the operation of the attachment laws relating to individuals.' "

We do not believe that prior to the present case, any one had any view other than that all Delaware corporations are subject to the attachment laws. Such being the obvious meaning of our statutory law, it is not necessary, in our opinion, to consider whether a Delaware corporation may be regarded as doing business in this state, if it is not doing here the business for which it was created. It is admitted that no authorities on this question that are in point, have been found and the reason is perhaps because the intent of the statute is so clear that the question has not heretofore been raised.

Even if the Court should be wrong in its interpretation of the meaning of the statute referred to, we still think the

motion of the plaintiff for judgment must be granted because the garnishee was, at the time of the service, a Delaware corporation doing business in this state and, therefore, subject to the garnishment. Even though the corporation was not doing any business which it was created to do, the things it had to do and did do, we think, constituted doing business in this state within the meaning of the garnishment statute.

The authorities are practically uniform in holding that such acts as a Delaware corporation has to perform and which this defendant did perform, constitute doing business in the state so that there might be service of process on it. By analogy, we think, the defendant is doing business here so as to make it liable to attachment and to subject it to be summoned as garnishee.

The motion for judgment notwithstanding the answer of the garnishee should be granted and it is so ordered.