**ROHM AND HAAS COMPANY, Plaintiff,**

v.

**POLYCAST TECHNOLOGY CORPORATION and Cast Optics Corporation, Defendants.**

Superior Court of Delaware,
New Castle.

Oct. 23, 1972.

**54**

James M. Mulligan, Jr., of Connolly, Bove & Lodge, Wilmington, for plaintiff.

Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for defendants.

TEASE, Judge.

The plaintiff has sued the defendants for breach of contract, alleging nonpayment by defendants for goods sold to defendants by plaintiff. Defendants admit owing the amount claimed by plaintiff for goods sold and delivered and filed a counterclaim with the answer. The counterclaim, in several carefully pleaded paragraphs, alleges violations of the Federal AntiTrust Laws * by plaintiff but, in doing so, does not thereby directly attack the specific contract for the sale of goods upon which the complaint is based.

The defendants candidly admit mistakenly designating the counterclaim as such, and wish to utilize the alleged violation of the Sherman Act as an affirmative de-

fense. They have filed the appropriate motion for such amendment.

Treating the "counterclaim" as an affirmative defense, it is plaintiff's position that the alleged violations of the AntiTrust Acts are insufficient legal defenses to the claim set out in the complaint because the defense does not specifically attack the legality of the contract upon which the complaint is based. The plaintiff, therefore, moves for dismissal of the defense and, consequently, for summary judgment on the ground that no defense to the allegations of the complaint would then remain in the pleadings.

I conclude that the case at bar is controlled by the United States Supreme Court decision in Kelly v. Kosuga, 358 U. S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959). The Court reviewed in the *Kelly* decision most of the cases cited by counsel in their briefs and arguments in this case. The Supreme Court then said:

"Past the point where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act, the courts are to be guided by the overriding general policy, as Mr. Justice Holmes puts it, 'of preventing people from getting other people's property for nothing when they purport to be buying it.' Continental Wall Paper Co. v. Louis Voight & Sons Co., supra, 212 U.S. [227] at page 271, 29 S.Ct. [280] at page 296, 53 L.Ed. 486 (dissenting opinion). Supplying a sanction for the violation of the Act, not in terms provided and capricious in its operation, cf. Bruce's Juices, Inc. v. American Can Co., supra, 330 U.S. 743 at pages 753–754, 67 S.Ct. 1015 at pages 1019–1020, 91 L.Ed. 1219, is avoided by treating the defense as so confined.

"Accordingly, while the nondelivery agreement between the parties could not be enforced by a court, if its unlawful

---

* Section 1 of the Sherman Anti-Trust Act, 26 Stat. 209, as amended, 15 U.S.C. Sec. 1, 15 U.S. C.A. Sec. 1.

character under the Sherman Act be assumed, it can hardly be said to enforce a violation of the Act to give legal effect to a completed sale of onions at a fair price. And while analysis in terms of 'divisibility' or some other verbal formula may well be circular, see 6 Corbin, Contracts, § 1520, in any event, where, as here, a lawful sale for a fair consideration constitutes an intelligible economic transaction in itself, we do not think it inappropriate or violative of the intent of the parties to give it effect even though it furnished the occasion for a restrictive agreement of the sort here in question."

The defendants rely primarily on Judge Hand's opinion in Lyons v. Westinghouse Electric Corporation, 222 F.2d 184 (2nd Cir., 1955). However, Judge Hand, in permitting violations of the AntiTrust Acts to be raised as valid defenses to actions brought in state courts, took pains to qualify that principle on page 190 by holding that the claims of plaintiff sought to be defended by the violations must involve an attempt to enforce "an undertaking itself forbidden".

An examination of the pleadings filed by the defendants fails to disclose any claim that the contract sued upon is intrinsically illegal, or is "an undertaking itself forbidden". Therefore, under the holding in Kelly v. Kosuga, the mere claim by a defendant in an action for breach of contract that the plaintiff has violated the Sherman Act, without a claim that the contract sued upon is itself illegal because of the provisions of the Act, is of no avail. Accordingly, since the defendants admit that this Court has no jurisdiction over their counterclaim, it shall be treated as an affirmative defense, pursuant to their wishes, and must, for reasons stated herein, be stricken.

There remains in the record, therefore, no genuine issue of fact and summary judgment must be granted.

It is so ordered.

