**JOHN JULIAN CONSTRUCTION CO.,**
Plaintiff Below, Appellee and Cross
Appellant,

v.

**MONARCH BUILDERS, INC.,** Defendant
Below, Appellant and Cross Appellee.

Supreme Court of Delaware.

July 2, 1974.

J. R. Julian, of Killoran & Van Brunt, Wilmington, for plaintiff below, appellee and cross appellant.

Daniel L. Twer, of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellant and cross appellee.

Before HERRMANN, Chief Justice, and MARVEL and BROWN, Vice Chancellors.

PER CURIAM:

John Julian Construction Co. (hereinafter "Julian") secured a judgment against Monarch Builders, Inc. (hereinafter "Monarch"). This appeal and cross-appeal concern Julian's attempt to recover from Albert Marta and Frank Acierno (hereinafter "Garnishees") as garnishees the sum owed by Monarch. The opinion below is reported at Del.Super., 306 A.2d 29; reference is made thereto for the factual background of the case.

I.

Monarch contends that it was error for the Superior Court to deny Garnishees' motion for summary judgment on the question of whether Garnishees had assumed Monarch's debt to Julian.

Monarch's argument is twofold: (1) Inasmuch as a garnishment action seeks to reach the assets of the debtor which are held by a third party, i. e., the Garnishees, the present inquiry into the question of whether Garnishees assumed a liability of Monarch is beyond the scope of the garnishment action; and (2) because garnishment is not an action *in personam*, the Superior Court lacks jurisdiction to decide whether Garnishees assumed Monarch's debt to Julian; otherwise stated, Julian must sue Garnishees personally to recover on this theory.

Neither of these arguments is acceptable. We agree with the reasoning of the Superior Court that if Garnishees had assumed the debt to Julian, and if Garnishees had breached the promise to pay that debt, there was then a debt owing from Garnishees to Monarch, which debt is properly a subject to garnishment. See generally 38 C.J.S. Garnishment § 118.

In support of the claim that the Superior Court lacked jurisdiction over Garnishees, they cite only 6 Am.Jr.2d, Attachment and Garnishment § 15. Garnishees have answered interrogatories and depositions, and have answered Julian's claim on the merits. The record shows that the jurisdictional question is raised

for the first time here. It comes too late. Canaday v. Superior Court, Del., 10 Terry 456, 119 A.2d 347 (1955); see Ryan v. Galliher, Del.Super., 5 W.W.Harr. 503, 168 A. 77 (1933), and Superior Court Civil Rule 5.

■ It is clear that the Superior Court has the power to adjudicate Garnishees' legal rights and obligations arising from any contract between Garnishees and the judgment debtor, Monarch. National Bank of Wilmington and Brandywine v. Furtick, Del.Ct.Err. and App., 2 Marv. 35, 42 A. 479 (1897); Superior Court Civil Rule 5; 2 Woolley on Delaware Practice § 1194.

For these reasons, we find no error in the Superior Court's denial of Monarch's motion for summary judgment.

## II.

■ Julian argues that its motion for summary judgment should have been granted because there was no dispute of material fact. The record does not support this argument. Garnishees have denied that they had assumed Monarch's debt to Julian. While it is true that a mere assertion in a pleading will not alone suffice to controvert evidence offered in support of a motion for summary judgment, we are convinced that the record justifies the Superior Court's conclusion that there remained a disputed question of fact, i. e., whether Garnishees had assumed Monarch's debt to Julian. We find no clear evidence presented by either side as would support the entry of summary judgment as a matter of law.

■ Julian also argues that the Superior Court should "pierce the corporate veil" of Monarch Builders, Inc., and find Garnishees personally liable to Julian as the "alter egos" of Monarch Builders, Inc. Julian contends that Garnishees manipulated the corporation to their personal advantage in such a fashion as to justify the Court's disregarding the corporate entity and holding them personally liable for the debt to Julian. Such theory, seeking to impose personal liability on the Garnishees, is inappropriate in a garnishment action.[1]

■ As to properties transferred from Monarch to Garnishees, Julian argues that Garnishees are "de facto trustees" within the meaning of 8 Del.C. § 281;[2] that, acting in that capacity, they "violated the spirit of" and "violated the priorities of dissolution of" § 281. Certain assets of Monarch, says Julian, should have been distributed to arms-length creditors (among whom is Julian), not transferred to Garnishees, the shareholders of the corporation. To this argument, Garnishees respond that 8 Del.C. § 280[3] confers upon

---

1. See Sonne v. Sacks, Del., 314 A.2d 194 (1973) holding that the Superior Court lacks jurisdiction to "pierce the corporate veil" against stockholders.

2. 8 Del.C. § 281 provides:
"§ 281. Duties of trustees or receivers; payment and distribution to creditors and stockholders
"The trustees or receivers of a dissolved corporation, after payment of all allowances, expenses and costs, and the satisfaction of all special and general liens upon the funds of the corporation to the extent of their lawful priority, shall pay the other debts due from the corporation, if the funds in their hands shall be sufficient therefor, and if not, they shall distribute the same ratably among all the creditors who shall prove their debts in the manner that shall be directed by an order or decree of the court for that purpose. If there shall be any balance remaining after the payment of the debts and necessary expenses, they shall distribute and pay the same to and among those who shall be justly entitled thereto, as having been stockholders of the corporation, or their legal representatives."

3. 8 Del.C. § 280 provides:
"§ 280. Jurisdiction of court
"The Court of Chancery shall have jurisdiction of the application prescribed in section 279 of this title and of all questions arising

the Court of Chancery exclusive jurisdiction over matters pertaining to § 281 trustees; that Julian cannot be heard to assert that Garnishees are "trustees" within the meaning of § 281 while denying that Chancery has jurisdiction of the issue by virtue of § 280. We agree.

 Finally, Julian contends that the transfer of certain property from Monarch to Garnishees was a violation of the Fraudulent Conveyance Act, 6 Del.C. § 1301 et seq.; that Garnishees are liable to Julian on that theory. Garnishees answer that the Superior Court is without jurisdiction to set aside a fraudulent conveyance in this situation. We agree; and to this extent, we disagree with the Court below. See Perfect Photo Equities, Inc. v. America Corp., Del.Ch., 212 A.2d 808 (1965); E. M. Fleischmann Lumber Corp. v. Resources Corp. International, 33 Del.Ch. 587, 98 A.2d 506 (1953); Cooch v. Grier, 30 Del.Ch. 255, 59 A.2d 282 (1948); Blumenthal v. Blumenthal, 28 Del.Ch. 1, 35 A.2d 831 (1944); Unemployment Compensation Commission of Delaware v. George W. McCaulley and Son, Inc., 26 Del.Ch. 113, 22 A.2d 862 (1941); In re Ortiz' Estate, 26 Del.Ch. 240, 27 A.2d 368 (1942); Bovay v. H. M. Byllesby and Co., 25 Del.Ch. 1, 12 A.2d 178 (1940); Haggerty v. Wilmington Trust Co., 22 Del.Ch. 152, 194 A. 134 (1937); Maisano v. Sauerwine, 20 Del.Ch. 309, 174 A. 131 (1934); Dizer v. Washington, 19 Del.Ch. 12, 162 A. 45 (1932); Richards v. Jones, 16 Del.Ch. 227, 142 A. 832 (1928); Rentoul v. Sweeney, 15 Del. Ch. 302, 137 A. 74 (1927); Petition of Gray, 12 Del.Ch. 417, 109 A. 574 (1920). Compare Sonne v. Sacks, Del., 314 A.2d 194 (1973).

The provisions of 10 Del.C. § 1901 are available to Julian for the transfer of its

in the proceedings thereon, and may make such orders and decrees and issue injunctions therein as justice and equity shall require."

claims to the Court of Chancery for possible consolidation with the companion cases there pending.

For the foregoing reasons, the judgments below are affirmed.

(§ 279 provides for appointment of trustees or receivers for dissolved corporations.)