LUPOFRESH, INC., a New York corporation, Plaintiff,

v.

PABST BREWING COMPANY, INC., a Delaware corporation, Defendant.

and

JOHN I. HAAS, INC., and John Barth, Incorporated, Plaintiff,

v.

PABST BREWING COMPANY, Defendant.

Superior Court of Delaware, New Castle County.

Submitted: Oct. 24, 1985.

Decided: Dec. 30, 1985.

John A. Parkins, Jr. of Richards, Layton & Finger, Wilmington, for Lupofresh, Inc.

Kevin Gross of Morris & Rosenthal, Wilmington, for John I. Haas, Inc. and John Barth, Inc.

Peter M. Sieglaff of Potter, Anderson & Corroon, Wilmington, for Pabst Brewing Co.

ON CROSS MOTION OF PLAINTIFFS FOR SUMMARY JUDGMENT— GRANTED IN PART

TAYLOR, Judge.

These suits involve contracts for the sale of hops by plaintiff to defendant.[1] Each contract specified a quantity of a specified kind of hops, and a price. The affidavit of George Seidenberger, a vice president of plaintiff, sets forth the documents and facts relied upon by plaintiff. According to this affidavit, plaintiff processed and stored the hops and informed defendant that the hops were ready for delivery in

accordance with the contracts, but defendant refused to take delivery.

The defendant's memorandum and accompanying affidavit do not raise an issue as to plaintiffs' claim that defendant failed to meet its obligations under the contracts. Therefore, the validity of plaintiffs' claims for breach of contracts for sale of goods stand unchallenged except with respect to the defenses relating to alleged antitrust violation and with respect to the amount to be recovered by plaintiff.

Defendant contends that summary judgment is not appropriate on the liability issue because of the defenses asserted in the answer that the contracts were "the product of illegal conduct on the part of plaintiff arising from violations of state and federal antitrust laws" and were procured as a result of questionable conduct by agents and/or brokers acting for plaintiff. It further contends that summary judgment cannot be granted because defendant has not had an opportunity to develop facts relative to the amount to which plaintiff may be entitled.

II

None of the parties have provided evidentiary material touching on the alleged antitrust violation or its relationship to these contracts.

 Anti-trust defenses opposing recovery for breach of contract have been permitted only in limited situations which are not present here.

In *Kelly v. Kosuga*, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959), the Supreme Court observed:

As a defense to an action based on contract, the plea of illegality based on violation of the Sherman Act has not met with much favor in this Court. This has been notably the case where the plea has been made by a purchaser in an action to recover from him the price of goods sold.

1. Since the issues presented in both captioned cases are essentially the same, the considera-

tions discussed herein are applicable to both cases.

[358 U.S. at 516, 79 S.Ct. at 429, at 3 L.Ed.2d p. 475].

This language was cited with approval in *Kaiser Steel Corporation v. Mullins,* 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982). The approach generally has been to examine the contract itself and if the contract requires a party to do an undertaking which is forbidden, the Court will not enforce the forbidden undertaking. Cf. *Lyons v. Westinghouse Electric Corporation,* 2d Cir., 222 F.2d 184 (1955). Where the forbidden act can be isolated from other obligations in the contract, the Court will enforce those obligations which can be severed from the forbidden act. *Kelly v. Kosuga,* supra; *Kaiser Steel Corporation v. Mullins,* supra; cf. *Connolly v. Union Sewer Pipe Co.,* 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679 (1901).

Three decisions by the United States Supreme Court have dealt with suits by the seller of goods in which the defense has relied on alleged pricing violations of the Federal antitrust laws and have declined to permit the defense: *Connolly v. Union Sewer Pipe Co.,* 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679 (1901); *D.R. Wilder Mfg. Co. v. Corn Products Ref. Co.,* 236 U.S. 165, 35 S.Ct. 398, 59 L.Ed. 520 (1914); *A.B. Small Co. v. Lamborn & Co.,* 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597 (1925). *Bruce's Juices v. American Can Co.,* 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947) held similarly with respect to a defense that the contract involved a violation of the Robinson-Patman Act.

Defendant has cited *Continental Wall Paper Co. v. Louis Voight & Sons Co.,* 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486 (1909) in support of the defense which is asserted here. Subsequent decisions of the Supreme Court have applied different reasoning in distinguishing *Continental,* weakening the precedential value of *Continental* to such an extent that this Court accepts the holdings of the following cases in preference to *Continental. D.R. Wilder Mfg. Co. v. Corn Products Ref. Co.,* supra; *A.B. Small Co. v. Lamborn & Co.,* supra; *Bruce's Juices v. American Can Co.,* supra; *Kelly v. Kosuga,* supra; *Kaiser Steel Corporation v. Mullins,* supra.

The Delaware Supreme Court in *Polycast Technology Corporation v. Rohm & Haas Company,* Del.Supr., 305 A.2d 323 (1973) held that a defense of antitrust violation was not available in a suit to recover for goods sold unless the contract sued upon was itself "intrinsically illegal". The Court cited *Kelly v. Kosuga,* supra, and *Bruce's Juices, Inc. v. American Can Co.,* supra, in support of the standard which it applied. The Supreme Court also stated that it affirmed the decision of this Court which appears under the same name at 297 A.2d 53. This Court's decision elaborated on the phrase "intrinsically illegal" with the phrase "an undertaking itself forbidden," which was adopted in *Lyons v. Westinghouse Electric Corporation,* supra.

The contracts on which plaintiff sues are simple and direct, providing for the sale of hops; they do not purport to incorporate performance or restraints which are in violation of the law. It cannot be said that these contracts are intrinsically illegal or that they are an undertaking which itself is illegal. Applying the standard of *Polycast Technology Corporation v. Rohm & Haas Company,* supra, the defense of antitrust violation asserted here is not a valid bar to plaintiff's claim.

There is a close factual analogy between the issues in this case and those in *A.B. Small Co. v. Lamborn & Co.,* supra. *Small* involved a claim against the buyer for the contract price of sugar. The buyer asserted the defense that the seller and others had entered into a combination to manipulate sugar prices and that this contract occurred while the manipulation continued. Referring to the nature of the contract, the Supreme Court rejected the defense on the ground that "there is nothing in the Anti-Trust Act which indicates such a collateral contract or relieves the buyer from his obligation under it." (45 S.Ct. 300 at page 302). The reasoning of *Small* applies to the defense here.

*Kaiser Steel Corporation v. Mullins, supra,* which defendant relies upon, is distinguishable from the present case. *Kaiser* was a suit by pension trustees to collect from an employer payments which were required under a collective bargaining agreement. The defense was that the trustees were seeking to require employer to make payments which were forbidden by a provision (the "hot cargo" provision) of the National Labor Relations Act. 29 *U.S. C.S.* § 158(e). The Supreme Court held that if employer's contention was proved, the provision of the collective bargaining agreement was void and plaintiff's claim was illegal. No such specific legislative objective is asserted here. *Kaiser* does not modify the principles discussed above.

Finally the Court notes that in *S.S. Steiner, Inc. v. Pabst Brewing Company, et ano.,* D.Wash., C–85–195–JLQ, which was a suit by a hops dealer against this defendant for alleged breach of contract for sale of hops in which an antitrust defense similar to that asserted here, the United States District Court in Washington granted a motion to dismiss the antitrust defense, stating "this court's rejection of defendant's affirmative defense and enforcement of the legal promise to purchase hops will not 'enforce conduct that the antitrust laws forbid'."

Without addressing the question of the adequacy of the pleading which asserts the defense of antitrust violation, the Court finds that the antitrust defense does not bar recovery by plaintiff.

### III

The remaining issue is whether plaintiff is entitled to summary judgment as to the amount claimed by plaintiff.

Each plaintiff contends that it is entitled to the full purchase price under the contract. Defendant contends that under both New York and Washington statutes [2] (which track Section 2–709 of the Uniform

Commercial Code) the plaintiff cannot recover the contract price until it proves reasonable effort to resell the goods at a reasonable price or that such effort would be unavailing.

UCC § 2–709 permits the seller to recover the purchase price of goods which have been accepted by the buyer. Each plaintiff contends that the hops were accepted by defendant. Each plaintiff points to defendant's letter to plaintiff which states, "we have accepted the following lots [nos. and quantity specified]". A subsequent letter from defendant to plaintiff Lupofresh requests "confirmation of the quantity of hops inventories owned by us and stored on your premises as of December 31, 1984."

UCC § 2–606 of the UCC provides that goods are accepted by the buyer when, (1) after reasonable opportunity to inspect the goods, the buyer signifies to the seller that the goods are conforming, or (2) after such opportunity the buyer fails to reject the goods, or (3) the buyer does any act inconsistent with the seller's ownership. The letters from plaintiff referred to above are evidence of identification of specific goods and acceptance satisfying section 2–606. Defendant has presented no evidentiary material disputing this. Defendant contends that any recovery by the seller is subject to the restriction that the seller must have made reasonable effort to resell the goods at a reasonable price. This contention is not supported by the language of section 2–709 because it fails to differentiate between the Code provisions applicable to "goods accepted" and "goods identified". UCC § 2–709(1)(a) gives an unqualified right to the seller of "goods accepted" to recover the price. UCC § 2–709(1)(b) gives a conditional right to the seller of "goods identified" to the contract to recover the price "if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reason-

---

**2.** Since the parties agree that the pertinent provisions of the New York and Washington statutes are the same as those found in the Uniform

Commercial Code, the Court will refer to the designations in the Uniform Commercial Code.

ably indicate that such effort will be unavailing". "Goods accepted" are specific goods which have been inspected by the buyer or at least the buyer must have been afforded reasonable opportunity for such inspection. 1A *ULA Uniform Commercial Code* § 2–606, p. 250.[3] Hence, all "goods accepted" are "goods identified".

It is noted that subsection (2) imposes the prerequisite to recovery of the price that the seller "must hold for the buyer any goods which have been identified to the contract and are still in his control". That section does permit the seller to resell the goods but since it uses the words "he may resell them at any time prior to collection of the judgment" it does not mandate resale. 3A *Bender's Uniform Commercial Code Service* § 13.06[6], p. 13–104. The status of "goods inspected" is achieved by the unilateral action of the seller. The status of "goods accepted" requires that the buyer must have accepted the goods after inspection or waived his right of inspection and reject the goods by inaction, *UCC* § 2–606, in addition to the seller's action in identifying the goods. The draftsmen of § 2–709 contemplated a different standard of recovery for the seller of "goods accepted" from that provided for the seller of "goods identified" which were not "goods accepted". The apparent objective of § 2–709(1)(a) was to afford a more direct remedy against the buyer who had "accepted" goods than is afforded to a buyer who has not "accepted" goods.

▇ Based on the foregoing considerations, I find nothing in the portions of UCC which have been cited which prevents plaintiff from recovering the purchase price. Upon acceptance of the goods by defendant, plaintiff was entitled to payment of the contract price. § 2–607 UCC; 4 *Anderson on the Uniform Commercial Code* § 2–607:14.

### IV

Defendant contends that the Court should not pass upon the merits of plaintiff's cross-motion for summary judgment because defendant has not had the opportunity to discover what efforts, if any, plaintiff has made to resell the hops. The Court has held above that plaintiff did not have a duty to resell the hops, but instead is entitled to recover the contract price of the hops. Hence, the discovery which defendant seeks with respect to possible resale of the hops is not relevant to this suit.

### V

▇ Summary judgment should be decided on pleadings, affidavits and other factual matters properly in the record. *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* Del.Super., 312 A.2d 322 (1973), *aff'd* Del.Supr., 336 A.2d 211 (1975); *G.R. Sponaugle & Sons v. McKnight Constr. Co.,* Del.Super., 304 A.2d 339 (1973). I find no dispute of material fact relevant to any issue upon which this decision rests. Cf. Ibid; *John Julian Const. Co. v. Monarch Builders, Inc.,* Del.Supr., 324 A.2d 208 (1974). In reaching this decision the Court has drawn inferences and viewed the evidence most favorably to defendant. Cf. Ibid; *Shultz v. Delaware Trust Company,* Del.Super., 360 A.2d 576 (1976). Applying the foregoing principles, the Court finds that plaintiffs are entitled to summary judgment with respect to plaintiffs' claims for the purchase price, and interest thereon, of the hops which were accepted by defendant and with respect to the defenses asserted and defendant's counterclaim.

### VI

Plaintiffs also seek summary judgment against defendant's counterclaim which alleges that plaintiff violated laws of the states of California, New York and Washington by conspiring to fix prices. The briefs have not addressed the question of whether the issues which control a defense or counterclaim under the federal antitrust

---

**3.** "Goods accepted" excludes goods which have been accepted but thereafter the buyer makes a justified revocation of the acceptance. There has been no attempted revocation here.

**42**

law would also control under the statutes of those states. Therefore, the Court has not been provided with citations which would permit that issue to be addressed here.

Plaintiff has argued in the briefs that the doctrine of forum non conveniens should bar this counterclaim. This issue has not been formally raised by plaintiff and is not properly before the Court.

Based on the foregoing, the propriety of permitting the counterclaim cannot be resolved here.

### VII
Plaintiff shall submit a proposed order in conformity herewith, upon motion or consent.