OPINION OF THE COURT
Roberta L. Dunlop, J.
In this action, the plaintiff (Herbert Karen, doing business *640 as Metro Sales Co.) seeks to recover the balance due for goods sold to the defendant (Barbara Cane) pursuant to a sales contract executed by the parties.
The court sets forth the following as its findings of facts and conclusions of law.
The credible evidence adduced during this nonjury trial de nova established that the defendant purchased goods from the plaintiff through two shop-at-home sales transactions.
In the first sales transaction the defendant, after reviewing a sales catalogue, ordered a bedroom set which included a spindle headboard, a queen size mattress with support frame, a triple door dresser and a landscape mirror. The price was $1,675 plus tax. During the same transaction, the defendant ordered carpeting with padding which was subsequently delivered and installed in her master bedroom, den and living room. The price of the carpeting was $1,505 plus sales tax. The defendant had requested a price breakdown for each item ordered, but the plaintiff stated "it’s a package deal.”
In the second sales transaction, the defendant ordered 34 square feet of additional carpeting for the price of $740 plus sales tax.
The plaintiff made oral representations that if the defendant was not satisfied he would take the furniture back and replace it.
During the trial the parties stipulated that the defendant has paid the plaintiff a total of $2,539.45. The amount in dispute is $1,704, which is the difference between the amount of the sales contract and the amount actually paid toward the purchases.
This action arose subsequent to the installation of the carpet ordered pursuant to the first sales transaction. On July 12, 1990, the defendant objected to a partial delivery of the bedroom set and the attempted installation of a black carpet instead of a blush color as ordered in the second sales transaction. The plaintiff only delivered the triple door dresser, the queen size mattress with support frame and the incorrect color carpet. Defendant attempted to have the delivery men return the triple door dresser because it was not solid oak. The delivery men refused to take it back on the truck claiming that they had other furniture which had to be delivered and they told the defendant "you bought it you own it.” After the carpet was installed the plaintiff saw that it was a black color instead of the blush color which she had ordered. She *641 had the installers remove it immediately. Although they left the padding in place, she claims it also had to be removed due to dry rot and mildew.
After several unsuccessful attempts to reach the plaintiff by telephone the defendant managed to get a call through to him. He assured her that the remainder of the furniture would be delivered as soon as it arrived from the factory. He blamed his workmen for taking the wrong roll of carpet from the warehouse. He informed her that the carpet she ordered was already cut and he would have it delivered and installed.
At the time of the partial delivery the defendant turned over a postdated check, as agreed to, in the amount of $700.
After the problems arose regarding the partial delivery and wrong carpet the defendant stopped payment on the check and refused to make any additional payments to the plaintiff. Within three days she had another carpet delivered and installed by a different merchant.
The issue to be resolved in this case is whether the plaintiff has proven his entitlement to damages under the Uniform Commercial Code.
Since this is a transaction for the sale of goods, it is governed by article 2 of the Uniform Commercial Code (the UCC). The plaintiff is seeking $1,704, which is the balance allegedly due on the sales contract with the defendant. Plaintiff is seeking to recover the price of the undelivered goods as well as the price of the triple door dresser. An action for the sale price is essentially one for specific performance of the contract of sale. (Pratt Chuck Co. v Cresent Insulated Wire & Cable Co., 33 F2d 269 [2d Cir 1929], cert denied 280 US 583.)
In regard to the undelivered goods, UCC 2-709 (1) (b) provides:
"(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price * * *
"(b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.”
In order for a seller of goods to recover under section 2-709 (1) (b), the seller must affirmatively allege and prove as a condition precedent in an action for the purchase price that the goods could not readily be resold. The burden of establishing that the goods could not be resold rests with the plaintiff. *642 (Barber-Greene Co. v M.F. Dollard Jr., Inc., 239 App Div 655 [1934], affd 267 NY 545.)
In a similar case, a Pennsylvania court rejected a seller’s plea for the price on a contract for a dining room suite, a bedroom suite, two sofas, a cocktail table and assorted chairs. While that court acknowledged that it might be difficult to sell the goods due to their unusual colors, the court held that the plaintiff had not proved his inability to sell the goods at "reasonably marked-down prices”. (Bacon Estate, 45 Pa D & C 2d 733, 739, 5 UCC Rep Serv [Callaghan] 486 [Orphan’s Ct 1968].)
In the present case, the plaintiff failed to offer any evidence to prove that he attempted to resell the undelivered goods. The plaintiff stated that the carpet was cut to order and therefore not available for resale. However, the plaintiff did not make any efforts to resell the carpet as a remnant. Thus, the plaintiff has failed to establish that he has attempted to resell the undelivered goods and is therefore not entitled to recovery for them under UCC 2-709 (1) (b).
In an action for the price of goods under UCC 2-709 (1) (a), "[w]hen the buyer fails to pay the price as it becomes due the seller may recover * * * the price * * * of [the] goods accepted”. The facts indicate that the defendant did not accept the triple door dresser. The defendant rejected this item when it was delivered because it was not made of solid oak, but merely oak veneer. While the sales contract did not specifically state that this item be made of solid oak, there is evidence that the plaintiff made oral representations to the defendant to the effect that if the defendant was dissatisfied he would take the items back. A seller may not recover the purchase price of goods where factual questions have been raised regarding the seller’s performance under the contract. (American Elec. Power Co. v Westinghouse Elec. Corp., 418 F Supp 435 [SD NY 1976].)
The defendant has raised factual issues whether the plaintiff has actually breached the sales contract by his noncompliance with his oral representations. In addition, the defendant offered evidence that the queen size mattress is defective and the carpet installed pursuant to the first sales transaction was incorrectly seamed. Therefore, the plaintiff cannot maintain an action for price of the triple door dresser under UCC 2-709 (1) (a).
When a seller is not entitled to maintain an action for the *643 price under UCC 2-709, a seller may nevertheless be awarded damages for a buyer’s noncompliance under UCC 2-708 and 2-709 (3). Section 2-708 (1) provides: "Subject to subsection (2) and to the provisions of this Article with respect to proof of market price (Section 2-723), the measure of damages for nonacceptance or repudiation by the buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in this Article (Section 2-710), but less expenses saved in consequence of the buyer’s breach.” In an action to recover damages for the buyer’s failure or refusal to accept delivery, the burden of proving market price or the market value of goods refused by the buyer rests on the seller. (Haughey v Belmont Quadrangle Drilling Corp., 284 NY 136 [1940].)
After the plaintiff made a partial delivery of the goods and removed the black carpet, the defendant repudiated the contract. While repudiation of a sales contract would normally result in recovery of damages, the plaintiff failed to establish damages in accordance with UCC 2-708 (1) in that the plaintiff did not offer any evidence establishing the difference between the market price and the unpaid contract price.
UCC 2-708 (2) provides: "If the measure of damages provided in subsection (1) is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in this Article (Section 2-710), due allowance for costs reasonably incurred and due credit for payments or proceeds of resale.”
The plaintiff failed to provide any evidence by which the court could determine his lost profit under ÜCC 2-708 (2). Also, the plaintiff failed to introduce evidence that would entitle him to any incidental damages under section 2-710.
Accordingly, judgment is entered in favor of the defendant. The plaintiff may retain the $2,539.45 paid by the defendant for goods actually delivered. Since the defendant stated that she wants the triple door dresser removed from her apartment, the defendant is directed to permit the plaintiff access to the defendant’s apartment so that the plaintiff may remove the rejected triple door dresser.