# IN THE COURT OF APPEALS OF IOWA

No. 14-1082
Filed June 10, 2015

**CITY OF POSTVILLE, IOWA and JASON MEYER,**
    Plaintiffs-Appellants,

**vs.**

**UPPER EXPLORERLAND REGIONAL PLANNING COMMISSION, MARTIN BRENNAN, KATHY CAMPBELL, RAY WHALEN, LEON GRIEBENOW, ANDREW WENTHE, KARLA ORGANIST, WARREN STEFFEN, MICHAEL KENEDY, JANET MCGOVERN, DEAN DARLING, LES ASKELSON, and RANY UHL,**
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Allamakee County, Richard D. Stochl, Judge.


        The City of Postville and a citizen of that city appeal the district court's denial of their claim that the regional planning commission violated Iowa's Open Meetings Act. **AFFIRMED.**


        Anne E.H. Loomis and Devin C. Kelly of Allen, Vernon & Hoskins, P.L.C., Marion, and Charles R. Kelly of Charles Kelly Law Office, P.C., Postville, for appellants.

        Thomas D. Wolle of Simmons, Perrine, Moyer, Bergman, P.L.C., Cedar Rapids, for appellees.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

This case is on appeal again following a remand from our supreme court in *City of Postville v. Upper Explorerland Regional Planning Commission*, 834 N.W.2d 1, 12 (Iowa 2013). In the prior matter, our supreme court generally affirmed the district court's grant of summary judgment to the Upper Explorerland Regional Planning Commission (the Commission), but it concluded summary judgment was not proper on one issue: whether placing notices of the Commission's meetings on a bulletin board in the hallway outside the meeting room complied with Iowa's Open Meetings Act (IOMA). *Postville*, 834 N.W.2d at 12. Because a genuine issue of material fact existed, the case was remanded to the district court for a trial on that issue. *Id.*

After a bench trial, the district court concluded the notices were "posted in a prominent place within the building and that the posting constitutes substantial compliance with the code." The court therefore dismissed the petition. The City of Postville and one of its citizens, Jason Meyer, (the City) appeal claiming the court erred in concluding the posting of the meeting notices on the bulletin board substantially complied with the statute.

**I. Background Facts and Proceedings.**

The Commission "is a body exercising public and essential government functions," and "is organized under Iowa Code chapters 28E and 28H [(2011)]." *Id.* at 3. "The Commission serves five counties: Allamakee, Clayton, Fayette, Howard, and Winneshiek," and at the time the lawsuit was filed, it had one office located in Postville. *Id.* It participates in job training, rehab houses, technical

assistance, and rental assistance for residents of the five counties and holds quarterly meetings on the third Thursday of the month.

The notices and agendas for the quarterly meetings were always posted at least five days in advance of the meeting on a bulletin board directly outside the meeting room in the building the Commission owned, which was open to the public from 8:00 a.m. until 4:30 p.m., Monday through Friday. While members of the general public normally do not walk down that hallway, they would have been permitted to go down that hallway without restriction if they had requested to. Because of the confidential nature of the information with which the Commission deals, the public generally is not permitted to wander the hall unaccompanied, but if they were to inquire of the receptionist where the notices were posted they would have been directed to the bulletin board. In addition, restrooms, open to the public, were located down the same hall where the bulletin board was located. In the thirty-two years that the receptionist worked at the Commission, she never turned a member of the public away from the door. Generally, however, only those who had business with the Commission came into the building. She could not recall any member of the public ever coming to the office to ask when and where the Commission met.

Approximately ten years before the lawsuit was filed, the Commission installed a new bulletin board located in the reception area of the building immediately inside the front door, but the meeting notices continued to be posted on the original bulletin board down the hall outside the meeting room. The notices posted on the original bulletin board are not visible from the front door, though one could see that there was a bulletin board located in the hallway.

There was also no sign informing the public that the bulletin board down the hall contained public notices. In addition to posting the meeting notices on this bulletin board, the notices were also sent to the regional daily newspaper[1] and to local radio stations.

After a bench trial, the district court concluded:

This court finds that [the notice] was posted in a prominent place within the building and that the posting constitutes substantial compliance with the code.
The secretary posted the notice on the board at least five days in advance of meeting. It was posted in the location it had been posted for nearly 32 years. While the bulletin board was not located in the front of the building, it was mere steps away from the entrance and accessible by the public during open business hours. Anyone with any interest in the commission or it activities could easily access and view the posted notice. It was sufficiently prominent to comply with the requirements of the Code. The Board and its members did not violate the provisions of Iowa's Open Meetings Law.

The City appeals.

## II. Scope and Standard of Review.

Our review of a trial court's finding in a jury-waived case is for correction of errors at law, and the trial court's findings of fact have the effect of a special verdict. This means that a district court's decision will not be set aside unless it was induced by an error of law.

*Evans v. Benson*, 731 N.W.2d 395, 397 (Iowa 2007) (citations omitted). The district court's findings of fact are binding on us if supported by substantial evidence. *Data Documents, Inc. v. Pottawattamie County*, 604 N.W.2d 611, 614 (Iowa 2000). "Evidence is substantial if a reasonable mind could accept it as

---

[1] The supreme court, in the prior decision, concluded as a matter of law that the newspaper that published the meeting notices was a "newspaper of general circulation." *See Postville*, 834 N.W.2d at 11-12.

adequate to reach the same findings." *Id.* "We view the evidence in a light most favorable to upholding the district court's judgment." *Id.* at 615.

## III. IOMA—Substantial Compliance.

Iowa Code section 21.4(1) provides in part:

> Except as provided in subsection 3, a governmental body shall give notice of the time, date, and place of each meeting including a reconvened meeting of the governmental body, and the tentative agenda of the meeting, in a manner reasonably calculated to apprise the public of that information. Reasonable notice shall include advising the news media who have filed a request for notice with the governmental body and posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting, or if no such office exists, at the building in which the meeting is to be held.

"Substantial compliance with the statute is all that is required." *Postville*, 834 N.W.2d at 9. While a reasonableness standard applies, the notice requirement is not a mere formality. *Id.* The goal of the requirement is to ensure "the basis and rationale of governmental decisions . . . are easily accessible to the public in order to prevent councils of governments from becoming secret or star chambers." *Id.* (internal quotations marks omitted).

The City claimed the notices posted on the bulletin board at the Commission's office did not satisfy this provision of IOMA because the notices did not stand out nor were they readily noticeable to the public at large. The City maintains that the Commission posted the notices here in the hope of limiting public knowledge and criticism on a topic of concern that the Commission knew

was controversial.[2]  The City's position is that

> a notice posted on a bulletin board, located at the far end of a
> hallway pas[t] the greeting receptionist, rather than the bulletin
> board conveniently located near the office's waiting room, and in a
> building only open during regular business hours is not "reasonably
> calculated to apprise the public of" the information contained within
> the notice, nor is it "prominent" or "easily accessible" within the
> common and ordinary understanding of the words.

Thus, the City concludes the district court erred in holding the Commission's
notices substantially complied with Iowa Code chapter 21.

At the time of the summary judgment, the supreme court stated the
undisputed facts were:

> The bulletin board is approximately thirty to forty feet from the main
> public access door.  The bulletin board is not visible from the
> entrance door to the office.  The office is open to the public Monday
> through Friday from 8:00 a.m. until 4:30 p.m.
>     . . . .
>     The secretary posted the notice on the board at least five
> days in advance of each meeting.  However the public generally
> does not utilize the hallway where the bulletin board is located
> unless the individual has an appointment or uses the restroom.

*Id.* at 9-10.  In determining summary judgment was not proper on this issue, the
supreme court stated the facts at that time did not indicate "how often the public
uses the hallway or if the board and its contents are visible from the reception
area."  Therefore, the supreme court determined the issue was not ripe for

---

[2] The only "controversial topic" the City alleges the Commission was attempting to keep "secret" was the action by the Commission to relocate its offices outside the city of Postville in the fall of 2010.  *See Postville*, 834 N.W.2d at 3-4.  There is no allegation that there was any other "controversial topic" discussed at any other meeting of the Commission over the past thirty-two years that would prompt the Commission to post the meeting notices in a location to keep the public in the dark as to the time, date, location, and agenda of the meetings.  The meeting notices were posted in the same location for all of the Commission's meetings.  We discern no bad faith or willful conduct on the part of the Commission to keep the public from being made aware of meetings where controversial topics were discussed.

determination at summary judgment as there was a genuine issue of material fact regarding the reasonableness of the notices.

The facts developed at trial were essentially the same as the undisputed facts developed at the summary judgment proceeding. The testimony indicated the bulletin board was visible from the reception area, but the board's contents were not. The Commission's secretary testified you could not "specifically" see what was on the bulletin board from the reception area. The meeting notices have been posted on the same bulletin board in the same hallway outside the room where the Commission has met for at least twenty years.

While the general public did not regularly frequent the hallway, or the Commission's building itself, the public was not prohibited from entering or viewing the contents of the bulletin board. The receptionist, who had worked at the Commission for thirty-two years, testified she never turned a member of the public away from the door. However, she could not recall any member of the public ever coming to the office to ask when and where the Commission met. While the City contends the notices should have been posted on the bulletin board in the reception area, there is no indication that posting the notice on the new bulletin board would have resulted in more members of the public being apprised of the meetings since the only people to frequent the building were those who had business with the Commission or had an appointment. However, if a member of the public would have inquired of the receptionist as to the location, date, or time of the Commission's meetings or the agenda, he would have been directed to the bulletin board located outside the meeting room.

The statute does not require the notice of the meeting be viewable twenty-four hours a day, or that it be in the most visible place available. All that is required is that the Commission substantially comply with the requirement that the notice be posted "in a manner reasonably calculated to apprise the public of [the] information" in a location that is "easily accessible to the public and clearly designated for that purpose." *See* Iowa Code § 21.4. We conclude substantial evidence supports the district court's conclusion that the Commission substantially complied with IOMA in the posting of its meeting notices on the Commission's bulletin board. We therefore affirm the district court's decision to dismiss the City's petition.

**AFFIRMED.**