# IN THE COURT OF APPEALS OF IOWA

No. 19-1163
Filed April 15, 2020

**ROCKETTE TRUCKING AND CONSTRUCTION, LTD.,**
    Plaintiff-Appellee,

**vs.**

**RUNDE AUTO GROUP OF IOWA, INC.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Delaware County, Monica Zrinyi-Wittig, Judge.

Appellant appeals from a bench trial finding it liable for damages.
**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.

D. Flint Drake and Samuel M. Degree of Drake Law Firm, P.C., Dubuque, for appellant.

Christopher M. Soppe and Cory R. Thein of Pioneer Law Office, Dubuque, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

A construction company, Rockette Trucking and Construction, Ltd. (Rockette Construction), took one of its trucks to the service department of a car dealership, Runde Auto Group of Iowa, Inc. (Runde Auto), for repairs. Runde Auto failed to replace the engine oil in the repaired vehicle before taking it on a test drive, resulting in the engine being damaged beyond repair. Rockette Construction sought damages for replacing the ruined engine and for loss of use of the truck while awaiting the replacement engine. Following a bench trial, the district court awarded damages to Rockette Construction. Runde Auto appeals, raising issues regarding claimed disclosure and discovery abuses by Rockette Construction and insufficient evidence of loss-of-use damages.

## I.    Sanctions for Discovery Violations

During the course of this lawsuit, mandatory disclosure requirements and Runde Auto's discovery requests obligated Rockette Construction to provide information regarding the identity of witnesses, the identity of expert witnesses, details of any expert's expected testimony, and information regarding loss-of-use damages. Runde Auto felt that the disclosures and discovery responses provided by Rockette Construction were inadequate. Rather than filing a motion to compel more complete answers, Runde Auto filed a motion in limine two weeks before trial seeking to exclude the following evidence: (1) all witnesses not disclosed prior to Rockette Construction's filing of its exhibit and witness list[1]; (2) all exhibits not

---

[1] Rockette Construction filed an exhibit and witness list thirty-seven days prior to trial disclosing proposed exhibits and witnesses, some of which Runde Auto claimed had not been previously disclosed.

disclosed prior to Rockette Construction's filing of its exhibit and witness list; (3) all expert witness testimony from individuals not designated as experts in pretrial disclosures and discovery responses; and (4) all evidence of calculation of loss-of-use damages, specifically "mobilization expenses" claimed as damages by Rockette Construction.

The district court addressed the motion in limine on the morning of trial. While not specifically concluding Rockette Construction violated disclosure or discovery obligations, the district court impliedly acknowledged Runde Auto's claim of discovery violations when the district court informed Runde Auto's counsel that a continuance would be granted if Runde Auto felt it needed more time to prepare for trial in light of the late disclosures by Rockette Construction. Runde Auto declined the offer of a continuance, insisting on proceeding to trial and urging the district court to exclude evidence as requested. The district court deferred to Runde Auto's insistence upon proceeding to trial but declined to exclude evidence as requested. Runde Auto claims the district court erred in not excluding evidence as a sanction for discovery violations.

### A. Standard of Review

Rulings on sanctions for discovery violations are reviewed for an abuse of discretion. *Lawson v. Kurtzhals*, 792 N.W.2d 251, 258 (Iowa 2010).

### B. Discussion

Our rules of civil procedure impose obligations on parties to disclose various details about their case as part of mandatory disclosures pursuant to rule 1.500 and/or in response to discovery requests as referenced in rule 1.501. These obligations include the duty to supplement disclosures and discovery responses.

Iowa R. Civ. P. 1.503(4). If a party fails to fulfill its obligations for disclosure or responding to discovery requests, rule 1.517(1) sets forth a procedure for compelling adequate disclosures and discovery responses. If an order issued pursuant to rule 1.517(1) is not followed, rule 1.517(2)(b) provides for imposition of sanctions against the violating party. Similarly, if a party fails to supplement mandatory disclosure requirements with respect to experts retained for purposes of litigation pursuant to rule 1.500(2)(b), rule 1.508(3) provides for sanctions under rule 1.517(3)(a). The sanctions available under rule 1.517(3)(a) include any of the sanctions listed in rule 1.517(2)(b). *See* Iowa R. Civ. P. 1.517(3)(a)(3). So, whether the offending party violates mandatory disclosure requirements regarding experts retained for litigation or an order compelling discovery, the available sanctions can be the same. Those sanctions available to the district court include issuing any orders "in regard to the failure as are just," which includes a variety of specific sanctions. Although a continuance is not one of the specifically-listed sanctions, a continuance would be one of the available sanctions as one of the "orders . . . as are just." Iowa R. Civ. P. 1.517(2)(b).

For the purposes of our discussion, we will assume without deciding that all claimed disclosure and discovery violations asserted by Runde Auto were, in fact, violations. This is not a difficult assumption to make, as the claimed violations appear to have merit. The issue is whether the violations deserve the sanction requested by Runde Auto.

> Generally, noncompliance with discovery is not tolerated. Nevertheless, the sanction to result from noncompliance rests with the sound discretion of the trial court. While the sanction for the failure to supplement discovery can include exclusion of the

evidence at trial, the trial court can also deny a request to exclude evidence. The factors used to consider sanctions include:

1. the parties' reasons for not providing the challenged evidence during discovery;

2. the importance of the evidence;

3. the time needed for the other side to prepare to meet the evidence; and

4. the propriety of granting a continuance.

Thus, in considering sanctions, a continuance can be used as a tool to minimize or eliminate prejudice that can be visited on a party when discovery is withheld. A continuance can give the complaining party an opportunity to overcome the surprise and prepare an effective response to the new evidence. Generally, a continuance is considered to be the traditionally appropriate remedy for a claim of surprise at trial.

*Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 388–89 (Iowa 2012) (citations and internal quotations omitted).

In this case, the claimed disclosure and discovery violations were known to Runde Auto at least thirty-seven days before trial when Rockette Construction filed its exhibit and witness list. While we do not condone such late disclosure, we note Runde Auto chose not to file a motion to compel pursuant to rule of civil procedure 1.517 and, instead, waited twenty-three days (i.e., until fourteen days before trial) to address the issue by filing a motion in limine essentially seeking the sanction of excluding witnesses and evidence. If Runde Auto was as surprised as it now claims, it would seem Runde Auto would have taken quicker and more direct action by filing a motion to compel pursuant to rule 1.517 very soon after the late disclosure was made, rather than waiting until fourteen days before trial to raise the issue and then demanding the very harsh remedy of exclusion of witnesses and evidence. Under these circumstances, the district court sought to minimize any prejudice caused by any claimed surprise to Runde Auto by offering a continuance. Runde Auto firmly declined to accept the offer of a continuance,

instead insisting on the sanction of exclusion of witnesses and evidence. While we respect Runde Auto's desire to avoid another continuance,[2] Runde Auto's refusal of the offered continuance somewhat undermines the strength of its claim that it was unfairly surprised. If, in fact, it was unfairly surprised by the late disclosure, one would have expected it to jump at the opportunity for a continuance once it realized that its desired sanction was not going to be granted. Its failure to do so, coupled with its delays in raising the issue, lends some credence to the suggestion that the request to exclude witnesses and evidence was being used as a tactical tool rather than as a method of avoiding harm. *See Hantsbarger v. Coffin*, 501 N.W.2d 501, 505–06 (Iowa 1993) (holding it is appropriate to consider an aggrieved party's lack of action in deciding whether to impose sanctions for failure to comply with disclosure requirements). Regardless of the reasons for the delay in bringing the issue to the attention of the district court, the district court did not abuse its discretion in refusing to exclude witnesses or evidence under these circumstances.

## II.     Sufficiency of Evidence of Loss-of-Use Damages

The truck at issue in this case is referred to as a "service truck" by Rockette Construction because it carries an air compressor, welder, and other tools to utilize in servicing other equipment. The service truck is an important part of Rockette Construction's operations because it helps the company avoid the cost of hiring third parties to come to the work site to repair equipment or transporting heavy equipment back to Rockette Construction's home base for repairs or maintenance.

---

[2] The trial had been continued on a previous occasion due to untimely discovery responses by Rockette Construction.

After the service truck's engine was damaged beyond repair by Runde Auto driving the truck without engine oil in it,[3] the service truck was unusable for a period of time while a new engine was ordered and installed. At trial, Rockette Construction claimed damages for replacement of the damaged engine and damages incurred for loss of use of the service truck while awaiting installation of a replacement engine. The district court noted the claim for both categories of damages and awarded damages in the amount of $84,414.73. In setting the damage award, the district court did not specify how much of the award was for replacement of the engine and how much was for loss of use, and the district court did not make any factual findings as to how the damage award was calculated. Although the district court did not provide a breakdown of the damage calculations, it is clear the district court awarded some amount for loss-of-use damages because the highest damage amount for replacement of the engine supported by the evidence is $19,399.73. On appeal, Runde Auto does not challenge the award of engine-replacement damages, but does challenge the sufficiency of the evidence supporting the award of loss-of-use damages.

A.      **Standard of Review**

"When reviewing the judgment of a district court in a nonjury law case, our review is for correction of errors at law." *Bus. Consulting Servs., Inc. v. Wicks*, 703 N.W.2d 427, 429 (Iowa 2005). "The trial court's findings have the effect of a special

---

[3] Liability for damages was contested at trial. The district court ruled in favor of Rockette Construction on the issue of liability, finding the engine was damaged beyond repair because Runde Auto failed to replace the engine oil before driving the vehicle, which resulted in the engine "seizing." Runde Auto does not challenge the finding of liability on appeal.

verdict and are binding if supported by substantial evidence." *Id.* "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *Id.*

### B. Discussion

Our review of the sufficiency of the evidence in this case is hampered by the district court's failure to specify how the damage award was calculated and how much of the damage award was for engine replacement and how much was for loss-of-use damages. Nevertheless, we will endeavor to determine whether there is sufficient evidence to support a finding of loss-of-use damages within the range of possible awards for that category of damages.

In assessing the sufficiency of the evidence of loss-of-use damages, we are guided by a number of principles. "There is a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages." *Olson v. Nieman's, Ltd.*, 579 N.W.2d 299, 309 (Iowa 1998). "Damages are denied where the evidence is speculative and uncertain whether damages have been sustained." *Id.* "But, '[if] the uncertainty lies only in the amount of damages, recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated.'" *Id.* (quoting *Orkin Exterminating Co. v. Burnett*, 460 N.W.2d 427, 430 (Iowa 1968)). "Although proof of damages need not be shown with mathematical certainty, plaintiff must at least present sufficient evidence to allow the factfinder to make an approximate estimate of the loss." *Data Documents, Inc. v. Pottawattamie Cty.*, 604 N.W.2d 611, 616–17 (Iowa 2000).

In this case, there is little question that Rockette Construction suffered some form of loss-of-use damage, and it is not difficult to conceptualize the nature of

those damages. Due to the unavailability of the service truck while the engine was being replaced, Rockette Construction had to make other arrangements to repair and maintain its equipment. Where things get murky is the manner in which Rockette Construction attempted to prove those damages. Presumably, the loss of the use of the service truck necessitated hauling various types of equipment various distances for repairs or maintenance or the hiring of third parties to come to the job sites to perform repair and maintenance work. However, Rockette Construction did not present much, if any, evidence of such details. Instead, it presented evidence of "mobilization charges" for each job that took place while the service truck was out of commission and asked the district court to use the mobilization charges as the calculation of the loss-of-use damages.

The evidence presented shows the mobilization charges were the charges Rockette Construction charged its customers to undertake each construction job. The mobilization charge billed to the customer was calculated to take into account the estimated cost of moving all equipment for the job, the cost of fuel, the cost of wages, the cost of insurance, the cost of repairs, and the cost of the machinery payments. The fact the mobilization charge is an estimate is corroborated by the fact that the mobilization charge for each job is a round number.[4]

The problem with this method of claiming loss-of-use damages is the mobilization charges bear little, if any, connection to the damages actually suffered by Rockette Construction. There is no evidence that *all* equipment had to be taken

---

[4] Rockette Construction sought $66,000.00 of loss-of-use damages based on mobilization charges billed to customers for eight jobs of $8000.00, $9000.00, $5000.00, $9000.00, $9000.00, $8000.00, $8000.00, and $10,000.00.

to and from each job site for all eight jobs at issue, even though the mobilization charges calculated by Rockette Construction factored in the cost of moving *all* equipment. Without such evidence, there is no basis for including the cost of moving all equipment, which is imbedded in the mobilization charge figure presented, as an item of damage. There is also no evidence the costs of insurance, repairs, or machinery payments changed in any way by the need to haul any equipment or bring in third-party service providers while the service truck was down. Without such evidence, there is no basis for including these parts of the mobilization charge as an item of damage. These deficiencies highlight the fact that the "mobilization charges" claimed as damages bear no meaningful relationship to the damages actually suffered by Rockette Construction.

Perhaps more important than the aforementioned deficiencies in using claimed mobilization charges as the basis for calculating loss-of-use damages is the fact that this is not a case where damages could not be determined with preciseness or certainty. *See Olson*, 579 N.W.2d at 309–10 (noting that using estimates of damages is appropriate in cases in which there is difficulty in precisely measuring damages, such as a trade-secret case). The injury suffered by Rockette Construction was, for example, the cost incurred to haul specific pieces of equipment a finite number of miles a finite number of times, the cost of paying a finite number of employees a finite amount of wages to haul the equipment, and/or the cost of paying for third-party service providers to come to the site to conduct repair and maintenance services. These are all things capable of being proved with reasonable particularity. When damages can be measured precisely, precise proof must be given. 22 Am. Jur. 2d *Damages* § 344 (Feb. 2020 update).

Our supreme court noted the following in rejecting the award of damages in the context of a claim alleging faulty installation of equipment:

> These were not matters that were by their nature not susceptible of proof. Cost of installation of equipment, cost of replacement of lost fluid, cost of replacement of garments to customers, amount of damage to other equipment, loss of profits, are all susceptible of, and deserving of, proof with reasonable particularity. This was not done, nor was any reason why it could not be done offered.

*B-W Acceptance Corp. v. Saluri*, 139 N.W.2d 399, 405 (Iowa 1966). The same could be said of the loss-of-use damages in this case. As was the case with the claimant in *Saluri*, Rockette Construction in this case gave no reason why it could not and did not present evidence of proof of its loss-of-use damage with reasonable particularity instead of resorting to an estimate based on "mobilization charges" that bear little to no relationship to the loss sustained. Presumably, Rockette Construction has records or witnesses that could establish, for example, what equipment was hauled, how far it was hauled, how many times it was hauled, how much employee time was used in such hauling, what the employee wages were for the time involved, and the cost incurred for hiring third-party service providers, if any. Answers to these basic questions would have allowed the loss-of-use damages to be calculated with reasonable particularity. Yet these questions were not answered by the evidence presented by Rockette Construction. Its failure to present such evidence is a shortcoming that was not overcome by its presentation of the mobilization-charge evidence. The mobilization-charge evidence was not sufficient evidence of loss-of-use damages in this case.

Since the evidence of mobilization charges is the only evidence in the record that could have been used as a basis for the amount the district court

awarded as damages and we have determined the evidence of mobilization charges to be insufficient evidence of loss-of-use, we find insufficient evidence to support the district court's award of loss-of-use damages in this case. With that said, the evidence established that Runde Auto is liable and Rockette Construction did suffer damages for the cost of replacing the service truck's engine. Determining the cost of replacement is hampered by the fact the district court did not break down the damage award between cost-of-replacement and loss-of-use damages. This deficiency in the factual findings would warrant a remand for a new trial on the cost-of-replacement damages but for the fact the cost-of-replacement damages was not contested at trial or on appeal. The uncontroverted evidence at trial established the cost of repair as $19,399.73. Any damages claimed in excess of this amount were not supported by substantial evidence. Since the evidence was sufficient to support a damage award of $19,399.73 for cost-of-repair damages but was insufficient to support any additional damage award, the judgment should be modified to the amount supported by the evidence. *See Miller v. Rohling*, 720 N.W.2d 562, 571-73 (Iowa 2006) (finding it appropriate, following a bench trial, to remand for entry of judgment for damages supported by the evidence and eliminating judgment for damages not supported by the evidence).

We affirm the finding of liability. We reverse the judgment for damages and remand for entry of a judgment in favor of Rockette Trucking in the amount of $19,399.73.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Bower, C.J., concurs; Greer, J., concurs specially.

**GREER, Judge** (specially concurring).

I concur in this decision with a caveat. While I agree with the result, the discovery fiasco merits clarification. The record is devoid of any good cause for failing to complete the mandatory expert disclosures required under Iowa Rule of Civil Procedure 1.500(2)(b). The only expert listed on the initial disclosures and in the interrogatory answers was "Don's Truck Sales." No report was provided along with the disclosures by the expert deadline or in response to the request for production. Yet, on April 9, 2019, just over a month before the May 16, 2019 trial date, Rockette Construction disclosed a "letter" dated November 16, 2017, authored by the owner of Don's Truck Sales. The letter was not included in the Rockette Construction's initial disclosures, filed June 14, 2018. Again no record exists explaining good cause for this failure. While the standard is abuse of discretion, with no record exposing the "reasons for not providing the challenged evidence during discovery," the evaluation of that discretion is more difficult to conduct. *See Whitley v. C.R. Pharm. Serv., Inc.*, 816 N.W.2d 378, 388–89 (Iowa 2012) (listing four factors to consider to set sanctions for noncompliance with discovery). To put it simply, what is the good-cause reason for failing to timely disclose an expert report written two years before trial?

As it turned out, the owner and mechanic from Don's Truck Sales testified at trial and provided, after objection, substantially more detailed opinions than disclosed through the minimal interrogatory answers. I take issue with the majority's position that Runde Auto had a duty to compel expert discovery once the mandatory expert disclosure was not provided. *See Hoekstra v. Farm Bureau Mut. Ins. Co.*, 382 N.W.2d 100, 109 (Iowa 1986) (finding two-step process to

compel expert discovery not mandatory and failure to object to lack of pretrial preparation does not excuse the opposing party's duty to supplement discovery). "Under our rules of civil procedure, parties seeking discovery should normally be justified in believing they have received substantially all the information requested." *Whitley*, 816 N.W.2d at 388 (noting a party is not precluded from asserting a claim for sanctions based on the failure to supplement discovery by failing to move to compel more detailed discovery). I also disagree that a continuance could have solved this discovery issue because the deadline for expert disclosures expired without any request to extend that deadline by Rockette Construction. Here, after failing to answer discovery and providing no good cause for that failure, the trial court allowed Rockette Construction a first continuance. After the delay from the first continuance, Rockette made no request to extend expert deadlines but submitted a 2017 letter offering Don's Trucking Sales opinions near the 2019 trial date. It is understandable why Runde Auto did not "jump at the opportunity for a continuance." Each continuance brings more litigation cost.

But, having addressed the parties' obligations in discovery, I concur in the decision because even if the non-disclosed expert opinions were excluded from this record, other testimony supported the trial court's liability finding. Otherwise I would have concluded an abuse of discretion occurred for failing to limit the expert testimony without good cause established for the untimely disclosure.